**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

DALMAR POLSTON                                                                      PLAINTIFF

v.                                              3:13CV00241-JLH-JJV

E. BELL, Nurse, Mississippi County
Detention Center; *et al*.                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes. Any party may serve and file written objections to this recommendation. Objections should

be specific and should include the factual or legal basis for the objection. If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection. An

original and one copy of your objections must be received in the office of the United States District

Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The

copy will be furnished to the opposing party. Failure to file timely objections may result in waiver

of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing

is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-

1

testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I.    INTRODUCTION

Plaintiff Dalmar Polston filed this action while incarcerated at the Mississippi County Detention Facility (Jail) (Doc. No. 2)[1].  Mr. Polston sues Captain Clayburn[2] Hicks for allegations of deliberate indifference to his serious medical needs and inappropriate handling of his inmate fund account.  Now before the Court is Hicks's Motion for Summary Judgment (Doc. No. 37).  Plaintiff has not responded.[3]

## II.    SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to

---

[1]Defendant Mississippi County Detention Center was dismissed on December 16, 2013, for failure to state a claim upon which relief may be granted (Doc. No. 12), and Defendant Bell was dismissed on May 8, 2014, for failure to perfect service (Doc. No. 35).

[2]The Court notes this is the correct spelling for Defendant Hicks.

[3]On December 9, 2014, this Court provided Plaintiff the opportunity to respond to Defendant's Motion within twenty-one days of the date of the Order.  (Doc. No. 40.)  The Court also notified Plaintiff that if he failed to respond, all of the facts in Defendants' summary judgment pleadings would be deemed admitted by him, pursuant to Local Rule 56.1(c), or his lawsuit would be dismissed without prejudice pursuant to Local Rule 5.5(c)(2).  (*Id*. at 2.)  The copy of the Order mailed to Plaintiff at his last-known address (the Jail) was returned as undeliverable on December 29, 2014 (Doc. No. 41).

judgment as a matter of law. *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 1135 (citations omitted). Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

## II.    ANALYSIS

### A.    Official Capacity Claims

The Court agrees with Defendant that Plaintiff's claim against Captain Hicks in his official capacity should be dismissed. Plaintiff does not allege that a county policy, custom, or practice was the cause of any alleged constitutional harm. Plaintiff does not dispute Defendant's argument that a suit against him in his official capacity is a suit against his employer, Mississippi County. *See Kentucky v. Graham*, 473 U.S. 159, 165-6 (1985). Nor does he dispute that in order to establish liability by the county, the law requires a showing of an unconstitutional policy or procedure, or a widespread pattern of unconstitutional conduct. *Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998); *Jane Doe A v. Special School District of St. Louis County,* 901 F.2d 642, 646 (8th Cir. 1990).

## B.     Qualified Immunity

With regard to the individual capacity claims against him, the Court agrees that Defendant Hicks is entitled to qualified immunity.  Qualified immunity protects officials who acted in an objectively reasonable manner.  It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law, not a question of fact.  *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[4]  Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative.  *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

Regarding the first prong of the analysis, Plaintiff was a pretrial detainee at the time of his

---

[4]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236)).

incarceration (Doc. No. 2 at 4).  Therefore, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  In the Eighth Circuit, the standards applied to these claims are the same as those applied to Eighth Amendment claims.  *Whitnack v. Douglas County,* 16 F.3d 954, 957 (8th Cir. 1994).  So to support an Eighth Amendment claim, Plaintiff must allege that Defendant acted with deliberate indifference to his health and safety.  In other words, that Captain Hicks knew of, and yet disregarded, an excessive risk of harm.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In this case, Plaintiff's allegations against Defendant Hicks are based on his supervisory position.  And supervisor liability is not applicable in § 1983 actions, absent proof that the defendant was personally involved in the constitutional violation or his corrective inaction constituted deliberate indifference toward the violation.  *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993).  So Plaintiff must show that the supervisor knew about the conduct and facilitated it, approved it, condoned it, or turned a blind eye to it.  *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).  *See also Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997) ("Section 1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights.")

Plaintiff alleges Captain Hicks failed to respond to a grievance about receipt of his diabetic medications and having his sugar levels checked.  (Doc. No. 2 at 4, 13.)  However, according to Hicks's affidavit, he responded to the grievance and directed the lieutenant to find out why Plaintiff did not receive his medication.  (Doc. No. 39-1.)  Defendant received no further grievances about the matter, and noted that most all of Plaintiff's grievances were responded to by the lieutenant.  (*Id.* at 2.)  In addition, Hicks states he is not medically trained and does not provide medical services to detainees.  (*Id.* at 1.)  Nor does he dispense medications to the inmates.  *Id.*  Rather, per Jail policy, detainees are instructed to submit medical request forms to the medical staff when requesting

medical treatment.  (*Id.*; Doc. No. 39-2.)  Hicks also states he never personally charged Plaintiff's

commissary account for medical services or medication, and that the medical staff completes billing

records for services provided and submits them to an administrative assistant at the jail for deduction

from detainee accounts.  (Doc. No. 39-1 at 2.)

Plaintiff's allegations fail to state a claim of deliberate indifference.  Captain Hicks was not

a trained medical provider and was not responsible for dispensing medications to inmates.  And

although he became aware of a possible problem with Plaintiff obtaining his medication, he

instructed his lieutenant to investigate and resolve the matter, and he never received further

complaints from Plaintiff about it.  Therefore, the Court finds no evidence that Hicks knew of

unconstitutional conduct, facilitated it, or turned a blind eye to it.  *See Boyd*, 47 F.3d at 968.

Furthermore, an allegation concerning the improper withdrawal of funds from Plaintiff's Jail

account also is not actionable in this § 1983 lawsuit.  An allegation that personal property has been

lost, misplaced, or mishandled does not state a constitutional claim for relief, if state law provides

an adequate post-deprivation remedy.  *Hudson v. Palmer*, 468 U.S. 517, 536 (1984).  In Arkansas,

the action of conversion is a common law tort action for the wrongful possession or disposition of

someone's property.  *McQuillian v. Mercedes-Benz Credit Corp.*, 331 Ark. 242, 247, 961 S.W.2d

729 (Ark. 1998).  *See also Scott v. Boyd,* No. 3:08cv00136-WRW, 2008 WL 4874058 (E.D.Ark.

2008), where the plaintiff inmate sued defendants for damages in a § 1983 action, for property that

was lost or stolen while he was incarcerated at the Crittenden County Jail. The court held the loss

of personal property is not an actionable constitutional claim, noting the availability of a state law

action of conversion.  In addition, Plaintiff does not allege that he has filed a claim for property loss

through the Arkansas Claims Commission.  *See* Ark. Code Ann. § 19-10-204.

Therefore,  upon  close  review  of  the  evidence  in  support  of  the  Motion  for  Summary

Judgment, the Court finds that Defendant acted reasonably under the circumstances.  No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right by Defendant Hicks.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Defendant's Summary Judgment Motion (Doc. No. 37) be GRANTED, and Plaintiff's Complaint against Defendant be DISMISSED with prejudice.

2.      The Clerk shall note on the docket sheet that Defendant Hicks's first name is "Clayburn."

IT IS SO RECOMMENDED this 8th day of January, 2015.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE